UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VERONICA HANEY, and JOHNATHAN MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>LAFOLLETTE POLICE DEPARTMENT, et al.,<br><br>Defendants. | ) | No. 3:21-CV-30-CEA-DCP |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for a More Definite Statement [Doc. 6]. Plaintiffs have not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. Accordingly, for the reasons further explained below, the Court finds Defendants' Motion [**Doc. 6**] well taken, and it is **GRANTED**.

**I. POSITIONS OF THE PARTIES**

Defendants request, pursuant to Federal Rule of Civil Procedure 12(e), the Court to order Plaintiffs to file a more definite statement. Defendants state that Plaintiffs filed their Complaint in the General Sessions Court of Campbell County, Tennessee, on January 4, 2021, alleging claims for "civil rights violations" and "discrimination" in addition to other claims, such as "false arrest, false report, no show to 911 calls, and stolen car still no report or arrests." [Doc. 7 at 1]. Defendants filed a Notice of Removal based on Plaintiffs' allegation of "civil rights violations," as there is no private right of action for violation of an individual's civil rights pursuant to the

Tennessee Constitution. Defendants assert that Plaintiffs' Complaint lacks any factual detail or specific allegations against any of the named Defendants and that the Complaint merely recites causes of action or purported causes of action. Defendants argue that Plaintiffs should be ordered to file an amended Complaint so that Defendants can be put on sufficient notice of the specific allegations Plaintiffs wish to raise against Defendants. Defendants argue that Plaintiffs' Complaint does not comply with Rule 8. Finally, Defendants request that, if the Court orders Plaintiffs to amend the Complaint and they do not comply, the "civil rights violations" be dismissed with prejudice and that the state law claims be remanded to Campbell County, Tennessee.

## II. ANALYSIS

As an initial matter, and as mentioned above, the Court observes that Plaintiffs have not responded to the Motion, and the time for doing so has expired. *See* E.D. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Accordingly, the Court finds Defendants' Motion may be granted on this basis alone.

In any event, the Court has reviewed Defendants' Motion and finds it to be well taken. Specifically, Rule 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Further, Rule 12(e) provides that a "motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

The Court observes that motions for more definite statements are generally disfavored, "and in light of Rule 8(a)(2)'s notice pleading standards and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Davis v. City of Memphis Fire Dep't*, No. 11-3076-STA-CGC, 2012 WL 2000713, at *3 (W.D. Tenn. May 31, 2012). "A motion under Rule 12(e)

should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Sallee v. Bd. of Prof'l Responsibility of Supreme Court*, No. 3:15-CV-5, 2015 WL 2374230, at *13 (E.D. Tenn. May 18, 2015) (quoting *Shirk v. Fifth Third Bancorp,* No. 05–cv–049, 2008 WL 4449024, *8 (S.D. Ohio Sept. 26, 2008)) (other citations and quotations omitted).

Although such motions are generally disfavored, in the present matter, given the lack of opposition to the Motion and the vagueness of the Complaint, the Court will order Plaintiffs to file an amended Complaint. The instant Complaint simply alleges "civil rights violations, discrimination, false arrests, false reports, no show 911 calls, stolen car still no report or arrests." [Doc. 1-1 at 2]. The Court finds that Plaintiffs' allegations in the Complaint are so vague that Defendants cannot reasonably prepare a response or assert its affirmative defenses absent any factual allegations to support Plaintiffs' claims.

## III. CONCLUSION

Accordingly, for the reasons further explained above, Defendants' Motion for a More Definite Statement [**Doc. 6**] is **GRANTED**. Plaintiffs **SHALL** file an amended Complaint consistent with Federal Rule of Civil Procedure 8 on or before **March 12, 2021.** Plaintiffs are **ADMONISHED** that failure to amend the Complaint may result in the dismissal of their lawsuit against Defendants.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge



Case 3:21-cv-00030-CEA-DCP Document 13 Filed 02/19/21 Page 3 of 3 PageID #: 36